# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **PACE INDUSTRIES, LLC, *et al.*,**[1] | Case No. 20-10927 (MFW) |
| **Debtors.** | (Jointly Administered) |
| | **Re: Docket No. 20** |

**ORDER (A) SCHEDULING COMBINED HEARING TO CONSIDER (I) APPROVAL OF DISCLOSURE STATEMENT, (II) APPROVAL OF SOLICITATION PROCEDURES AND FORMS OF BALLOTS, AND (III) CONFIRMATION OF PREPACKAGED PLAN; (B) ESTABLISHING AN OBJECTION DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN; (C) APPROVING THE FORM AND MANNER OF NOTICE OF COMBINED HEARING, OBJECTION DEADLINE, AND NOTICE OF COMMENCEMENT; (D) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (E) EXTENDING TIME, AND UPON PLAN CONFIRMATION, WAIVING OF REQUIREMENTS TO (I) CONVENE SECTION 341 MEETING, AND (II) FILE STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND (F) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors, pursuant to sections 105, 341, 1125, 1126, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, 3016, 3017, 3018, 3020 and 9006, and Local Rules 1007-1, 3017-1, 3018-1, 3018-2 and 9006-1, for entry of an order (a) scheduling a Combined Hearing to consider (i) the adequacy of the Disclosure Statement (the "Disclosure Statement") for the Debtors' *Joint Prepackaged Chapter 11 Plan for Pace Industries,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: KPI Holdings, LLC (5032); KPI Capital Holdings, Inc. (6489); KPI Holdings, Inc. (6913); KPI Intermediate Holdings, Inc. (4492); Pace Industries, LLC (6490); Pace Industries, Inc. (6822); Pace FQE, LLC (3611); Port City Group, Inc. (6598); Muskegon Castings, LLC (6858); Alloy Resources, LLC (0283); and Pace Industries of Mexico, L.L.C. (5764). The Debtors' headquarters are located at 481 South Shiloh Drive, Fayetteville, Arkansas 72704.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*LLC and Its Affiliated Debtors* (the "Prepackaged Plan") and the Solicitation Procedures, and (ii) confirmation of the Prepackaged Plan; (b) establishing procedures for objecting to the Disclosure Statement, the Solicitation Procedures and the Prepackaged Plan; (c) approving the form, manner and sufficiency of notice of the Combined Hearing and commencement of these chapter 11 cases; (d) approving the Assumption Notice and related objection procedures for the assumption of executory contracts and unexpired leases; (e) extending time for the Debtors to (i) file the Schedules and Statements through and including the Section 341(a) Meeting Deadline and waiving the requirement that the Debtors file the Schedules and Statements upon confirmation of the Prepackaged Plan and (ii) convene the Section 341(a) Meeting through and including the Section 341(a) Meeting Deadline and waiving the requirement that the Debtors convene the Section 341(a) Meeting if the Prepackaged Plan is confirmed by the Section 341(a) Meeting Deadline; and (f) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the

relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Combined Hearing (at which time the Bankruptcy Court will consider, among other things, the adequacy of the Disclosure Statement and the Solicitation Procedures, and confirmation of the Prepackaged Plan) will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in courtroom 4 of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware, **on May 21, 2020 at 2:30 p.m. (prevailing Eastern Time)**. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and notice of such adjourned date(s) will be available on the electronic case filing docket.

3. Any objections to the approval of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Prepackaged Plan must: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state the legal and factual basis for and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Rules; and (e) be filed with the Bankruptcy Court, together with proof of service, so as to be received by no later than **5:00 p.m. (prevailing Eastern Time) on May 14, 2020** (the "Plan and Disclosure Statement Objection Deadline"). In addition to being filed with the Bankruptcy Court, any such responses or objections must be served on the Notice Parties, which are set forth below:

a. Pace Industries, LLC, 481 South Shiloh Drive, Fayetteville, Arkansas 72704 (Attn: Steffan B. Sarkin and Craig Potter);

b. proposed counsel to the Debtors, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Rachel C. Strickland and Debra M. Sinclair) (rstrickland@willkie.com, dsinclair@willkie.com); and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Robert S. Brady, Edmon L. Morton, and Joseph M. Mulvihill) (rbrady@ycst.com, emorton@ycst.com, and jmulvihill@ycst.com).

c. the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Buchbinder (david.l.buchbinder@usdoj.gov);

d. McGuireWoods LLP (Brian I. Swett, Esq., bswett@mcguirewoods.com) and Richards, Layton & Finger, P.A., (John Knight, Esq., knight@rlf.com) as primary and Delaware counsel to Bank of Montreal in its capacities as administrative agent under the Debtors' prepetition secured revolving credit facility and the Debtors' postpetition secured revolving credit facility;

e. Schulte Roth & Zabel LLP (Adam C. Harris, Esq., adam.harris@srz.com and Kelly V. Knight, Esq., kelly.knight@srz.com) and Landis Rath & Cobb LLP (Adam Landis, Esq., landis@lrclaw.com), as primary and Delaware counsel to TCW Asset Management Company LLC in its capacities as administrative agent and collateral agent under the Debtors' prepetition senior secured notes agreement and the Debtors' postpetition secured term loan financing facility;

f. Gibson Dunn & Crutcher LLP, as counsel to certain holders of the Debtors' preferred equity (Jeffrey C. Krause, Esq., jkrause@gibsondunn.com);

g. Dorsey & Whitney LLP, as counsel to certain holders of the Debtors' preferred equity (Attn: Larry Makel, Esq., makel.larry@dorsey.com); and

h. Hughes Hubbard & Reed LLP, as counsel to Kenner & Company, Inc. (Kathryn A. Coleman, Esq., katie.coleman@hugheshubbard.com) (collectively, the "Notice Parties").

4. Objections, if any, not timely filed and served in the manner set forth above may, in the Court's discretion, not be considered and may be overruled.

5. The Debtors shall file their brief and declaration in support of confirmation of the Prepackaged Plan, their reply to any objections thereto, and the proposed Confirmation Order no

4

later than three business days before the Combined Hearing. A party in interest also may file a reply to an objection to confirmation of the Prepackaged Plan no later than three business days before the Combined Hearing.

6. The Debtors are authorized to combine the notice of the Combined Hearing and notice of the commencement of the chapter 11 cases.

7. Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given; *provided that* any provision of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and the Prepackaged Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Prepackaged Plan, or any parties in interest other than as prescribed in this Order, shall be waived; and *provided further*, that the Debtors shall serve the Combined Notice, the Plan, the Disclosure Statement, and the Class 6 Non-Voting Notice (substantially in the form attached hereto as **Exhibit 3**) on all Holders of Class 6 Claims. The Debtors shall cause KCC to mail a copy of the Combined Notice to the Combined Notice Recipients within three business days of the entry of this Order or as soon as reasonably possible, provided that the Combined Notice is served at least 28 days prior to the Plan/Disclosure Statement Objection Deadline.

8. Substantially contemporaneously with the service of the Combined Notice, the Debtors shall cause to be posted to the Website various chapter 11 related documents, including, among others, the following: (a) the Prepackaged Plan; (b) the Disclosure Statement; (c) the Motion and this Order; and (d) the Combined Notice. The Website address is: http://www.kccllc.net/pace.

9. The Debtors are authorized, pursuant to Bankruptcy Rule 2002(l), to give publication notice of the Combined Hearing by publishing a notice of the Combined Hearing as soon as reasonably practicable once in the New York Times or the Wall Street Journal, but on a date no later than 21 days prior to the Combined Hearing.

10. To the extent that section 1125(b) of the Bankruptcy Code requires the Debtors' prepetition solicitation of acceptances for the Prepackaged Plan to be pursuant to an approved disclosure statement to continue on a postpetition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest objecting to the Disclosure Statement at the Combined Hearing.

11. The notice procedures set forth in the Motion and herein constitute good and sufficient notice of the commencement of the chapter 11 cases, the Combined Hearing, and the deadlines and procedures for objecting to the adequacy of the Disclosure Statement and the Solicitation Procedures, confirmation of the Prepackaged Plan, and the assumption of executory contracts and unexpired leases, and no other or further notice shall be necessary.

12. The time within which the Debtors shall file their Schedules and Statements is extended through and including June 26, 2020 (the "<u>Schedules and Statements Deadline</u>"), without prejudice to the Debtors' right to seek further extensions of the time within which to file the Schedules and Statements or to seek additional relief from this Court regarding the filing of, or waiver of the requirement to file, the Schedules and Statements; provided that the requirement that the Debtors file the Schedules and Statements is permanently waived effective upon the date of confirmation of the Prepackaged Plan, if confirmation of the Prepackaged Plan occurs on or before the Schedules and Statements Deadline.

13. The Section 341(a) Meeting shall be deferred until the Schedules and Statements Deadline and shall be waived if confirmation of the Prepackaged Plan occurs on or before the Schedules and Statements Deadline.

14. The Ballot, substantially in the form attached to the Motion as **Exhibit B**, are conditionally approved pending final approval though the Confirmation Order.

15. The procedures proposed for tabulation of votes to accept or reject the Prepackaged Plan as set forth in the Motion are conditionally approved pending final approval through the Confirmation Order.

16. Any objections to the assumption of executory contracts and unexpired leases must: (a) be in writing, (b) conform to the applicable Bankruptcy Rules and Local Rules; (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; (d) be filed with the Bankruptcy Court, together with proof of service, and served upon the Notice Parties, so as to be received by the Plan and Disclosure Statement Objection Deadline.

17. The Assumption Notice, substantially in the form attached hereto as **Exhibit 2**, is approved. The Debtors shall transmit the Assumption Notice to all applicable counterparties to executory contracts and unexpired leases at least 14 days prior to the Plan/Disclosure Statement Objection Deadline.

18. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: April 15th, 2020
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**